ORDER
GRITT, JUDGE:
An application of the claimant, Ruth Jones, for an award under the West Virginia Crime Victims Compensation Act, was filed October 10,2003. The report of the Claim Investigator, filed March 8,2004, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on May 20, 2004, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed June 28,2004. This matter came on for hearing July 22, 2005, attorney David H. Webb representing the claimant, and Assistant Attorney General Ronald R. Brown for the State of West Virginia.
On January 17, 2003, the claimant’s 15-year-old daughter, Ashley Nicole Willis, was tragically killed in an all-terrain vehicle accident on Route 46 in Mineral County. The victim was riding as a passenger of driver Logan Michael Douglass, who was intoxicated, lost control of the vehicle, and crashed. Mr. Douglass later was convicted of chiving under the influence of alcohol causing death, and was sentenced to a prison term of 1-10 years.
Testifying at the hearing of this matter was Piedmont Police Officer Michael Todd Beeman. Officer Beeman was called to the scene of the accident that night. It was determined that the driver of the four-wheeler, Logan Douglass, had been traveling at a high rate of speed when the right tires left the berm of the road, causing him to lose control and strike a large rock. Ashley Willis was thrown from the vehicle, which landed on top of Logan Douglass. Officer Beeman further stated that the four-wheeler had been stolen earlier that evening, but that Ashley Willis was not present at that time. The toxicology report on Ashley revealed a blood alcohol level of .05 per cent.
Upon cross-examination, Officer Beeman indicated that neither Ashley Willis nor Logan Douglass was wearing head protection. The investigation also showed that at some point the vehicle had stalled, and the victim had an opportunity to walk away, but voluntarily got back on.
Marc Coleman, a firefighter and emergency medical technician, testified that the four-wheeler had stalled in front of his house. He went onto his porch to investigate, and observed a male and a female on the stopped vehicle. They got it started again, and three or four minutes later, Mr. Coleman was paged to the scene of a motorcycle accident. Upon arrival, he saw Ashley Willis lying in a ditch on the right side of the road, and Logan Douglass in the center of the road. Mr. Coleman testified that he could smell alcohol on Mr. Douglass.
Cody Dennis, a resident of Keyser, West Virginia, testified that he driving into the town of Piedmont at around 11:00 p.m. on the evening in question. As he was coming down a steep hill in the right lane, he observed the four-wheeler traveling toward him in the right lane, “fishtailing,” and just before it got to him it swerved into the other lane. Mr. Dennis stated that the driver was male, and that his female passenger was holding on by gripping the rack behind her.
Claimant Ruth Jones, mother of the victim, was the last to testify. Ms. Jones indicated that there was no insurance available to pay the expenses in her daughter’s *189 claim. She also stated that she did not know how her daughter got the alcohol she consumed that night.
This claim was initially denied on the basis of contributory misconduct, defined in W.Va. Code §14-2A-3(1) as any conduct of the victim that is “unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct has causal relationship to the criminally injurious conduct that is the basis of the claim....” In its prior ruling, the Court found that the victim had been a willing passenger on a stolen all-terrain vehicle, and that she engaged in underage drinking prior to the accident. Those facts are not in dispute. The issue for the Court now is not whether contributory misconduct was present, but rather, did that conduct have a “causal connection” to the subsequent incident giving rise to the claim.
The record shows that the victim’s blood alcohol level was .05 per cent, which is in violation of W.Va. Code §11-16-19: “Any person under the age of twenty-one years who purchases, consumes, sells, possesses, or serves nonintoxicating beer is guilty of a misdemeanor....” The victim, at age 15, had alcohol in her system. It is the claimant’s position that this conduct, albeit -unlawful, was not causally connected to the criminal incident that followed. The Court is of the opinion that the victim’s actions were in fact causally related to this tragic accident. It is the finding of this Court that although the victim was not legally intoxicated, the blood alcohol level in her system more than likely had a negative impact upon her judgment in accepting a ride on a motor vehicle whose operator was indeed clearly impaired.
According to W.Va. Code §14-2A- 14(f), the Court may reduce or deny a claim for an award of compensation wherein contributory misconduct has been found. Unreimbursed allowable expenses of $6,284.00 in funeral costs were incurred by the claimant. W.Va. Code § 14-2A-3(f)(2) permits an award “not in excess of six thousand dollars for expenses in any way related to funeral, cremation and burial.”
Based on the foregoing facts, the Court hereby imposes a 25% reduction in the award to the claimant as a result of the established contributory misconduct, and grants the sum of $4,500.00 as set out below.
Ruth Jones
304 Ross St.
WestemportMD 21562
$4,500.00